UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD DUANE FOGLE, JR.,

                                        Plaintiff,

            -vs-                                        13-CV-237-JTC

CAROLYN W. COLVIN,
Commissioner of Social Security,

                                        Defendant.

_____


APPEARANCES:            JAYA SHURTLIFF, ESQ.
                        Law Offices of Kenneth Hiller
                        Amherst, New York
                        Attorney for Plaintiff

                        WILLIAM J. HOCHUL, JR.
                        United States Attorney, Western District of New York
                        (MARY K. ROACH, AUSA, of Counsel)
                        United States Attorney's Office
                        Buffalo, New York
                        Attorneys for Defendant.

        This matter has been transferred to the undersigned for all further proceedings, by

order of Chief United States District Judge William M. Skretny entered on April 16, 2014.

Item 22.

        Plaintiff Ronald Fogle, Jr., initiated this action pursuant to the Social Security Act,

42 U.S.C. § 405(g) ("the Act"), to review the final determination of the Commissioner of

Social Security ("Commissioner") denying plaintiff's application for Supplemental Security

Income ("SSI") benefits and Social Security Disability Insurance ("SSDI") benefits.  Both

parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure.  For the following reasons, plaintiff's motion is granted, and the Commissioner's motion is denied.

## BACKGROUND

Plaintiff was born on January 13, 1970 (Tr. 186).[1]  He applied for SSDI on August 5, 2009 (Tr. 186-87) and for SSI benefits on December 23, 2010, alleging disability due to herniated discs, left shoulder pain, arthritis, and asthma (Tr. 104) with an onset date of June 14, 2008 (Tr. 186).  Upon denial of the application at the initial level of agency review (Tr. 100-05), plaintiff requested  a hearing which was held on June 15, 2011, before Administrative Law Judge ("ALJ") Scott Staller (Tr. 71-98).  Plaintiff appeared and testified at the hearing, and was represented by counsel.

On June 24, 2011, the ALJ issued a decision denying plaintiff's applications for benefits (Tr. 31-41).  Following the five-step sequential process for evaluating disability claims outlined in the Social Security Regulations at 20 C.F.R. § 416.920(a), the ALJ determined that plaintiff's impairments, while severe, did not meet or medically equal the severity of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings")  (Tr.33-34).  The ALJ found that the evidence in the record, including plaintiff's testimony and statements regarding the limiting effect of his symptoms and the reports and opinions of consultative and treating medical sources, demonstrated that plaintiff had the residual functional capacity ("RFC") for sedentary work with limitations on the use of his left upper extremity, requiring the ability to alternate between sitting and standing, and the

---

[1]Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner as part of the answer in this action (Item 7).

avoidance of exposure to dangerous moving machinery and unprotected heights (Tr. 34). Based on his age (39 as of the filing date; 41 at the time of the hearing), education (associate's degree), work experience, and RFC, and considering the testimony of a vocational expert with regard to the effect plaintiff's limitations would have on the occupational base of unskilled sedentary work, the ALJ determined that a finding of "not disabled" was appropriate under the framework of the Medical-Vocational Guidelines (the "Grids"), Rule 201.28 (Tr. 40).  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.28.

The ALJ's decision became the Commissioner's final determination on January 15, 2013, when the Appeals Council denied plaintiff's request for review (Tr. 1-5).  Plaintiff then filed this action on March 4, 2013, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), and the parties have both moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).

In support of his motion for judgment on the pleadings, plaintiff contends that the case should be remanded to the Commissioner for further proceedings because the ALJ failed to properly develop the administrative record, failed to properly assess the plaintiff's credibility, and improperly relied on the testimony of the VE. *See* Items 8, 18.  The Commissioner contends that the ALJ's determination is supported by substantial evidence and should be affirmed.  *See* Items 16, 21.

## DISCUSSION

### I.    Scope of Judicial Review

The Social Security Act provides that, upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner … as to any fact, if

supported by substantial evidence, shall be conclusive ….″   42 U.S.C. § 405(g).

Substantial evidence is defined as evidence which "a reasonable mind might accept as

adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229

(1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v.

Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).  The substantial evidence test applies not only

to findings on basic evidentiary facts, but also to inferences and conclusions drawn from

the facts.  *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing

*Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

       Under these standards, the scope of judicial review of the Commissioner's decision

is limited, and the reviewing court may not try the case *de novo* or substitute its findings

for those of the Commissioner.  *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of

Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).  The court's inquiry is "whether the record,

read as a whole, yields such evidence as would allow a reasonable mind to accept the

conclusions reached" by the Commissioner.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Cir. 1982), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

       However, "[b]efore the insulation of the substantial evidence test comes into play,

it must first be determined that the facts of a particular case have been evaluated in the

light of correct legal standards."  *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis.

1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. March 20, 2000);

*see also Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*,

167 F.3d at 773).  "Failure to apply the correct legal standard constitutes reversible error,

including, in certain circumstances, failure to adhere to the applicable regulations."  *Kohler*

*v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted).  Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the regulations, that disregards highly probative evidence.  *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied ... the court shall review only the question of conformity with [the] regulations…."); *see Kohler*, 546 F.3d at 265.  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it.  *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence for both sides)).

In addition, it is the function of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including claimant." *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983); *cf. Cichocki*

*v. Astrue*, 534 F. App'x 71, 75 (2d Cir. Sept. 5, 2013).  "Genuine conflicts in the medical

evidence are for the Commissioner to resolve," *Veino*, 312 F.3d at 588, and the court "must

show special deference" to credibility determinations made by the ALJ, "who had the

opportunity to observe the witnesses' demeanor" while testifying.  *Yellow Freight Sys., Inc.*

*v. Reich*, 38 F.3d 76, 81 (2d Cir.1994).

## II.     Standards for Determining Eligibility for Disability Benefits

To be eligible for SSDI or SSI benefits under the Social Security Act, plaintiff must

present proof sufficient to show that he suffers from a medically determinable physical or

mental impairment "which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months ...," 42 U.S.C.

§ 423(d)(1)(A), and is "of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy ...."   42 U.S.C.

§ 423(d)(2)(A); *see also* 20 C.F.R. § 416.905(a).  As indicated above, the Regulations set

forth a five-step process to be followed when a disability claim comes before an ALJ for

evaluation of the claimant's eligibility for benefits.  *See* 20 C.F.R.§ 416.920.  First, the ALJ

must determine whether the claimant is presently engaged in substantial gainful activity.

If the claimant is not, the ALJ must decide if the claimant has a "severe" impairment, which

is an impairment or combination of impairments that has lasted (or may be expected to

last) for a continuous period of at least 12 months which "significantly limits [the claimant's]

physical or mental ability to do basic work activities...."  20 C.F.R. § 416.920(c); *see also*

§ 416.909 (duration requirement).  If the claimant's impairment is severe and of qualifying

duration, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings.  If the impairment meets or equals a listed impairment, the claimant will be found to be disabled.  If the claimant does not have a listed impairment, the fourth step requires the ALJ to determine if, notwithstanding the impairment, the claimant has the residual functional capacity to perform his or her past relevant work.  Finally, if the claimant is not capable of performing the past relevant work, the fifth step requires that the ALJ determine whether the claimant is capable of performing any work which exists in the national economy, considering the claimant's age, education, past work experience, and RFC.  *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Lynch v. Astrue*, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008).

The claimant bears the burden of proof with respect to the first four steps of the analysis.  If the claimant meets this burden, the burden shifts to the Commissioner to show that there exists work in the national economy that the claimant can perform.  *Lynch*, 2008 WL 3413899, at *3 (citing *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999)).  "In the ordinary case, the Commissioner meets h[er] burden at the fifth step by resorting to the applicable medical vocational guidelines (the grids), … [which] take into account the claimant's residual functional capacity in conjunction with the claimant's age, education, and work experience."  *Rosa*, 168 F.3d at 78 (internal quotation marks, alterations and citations omitted).  Although the Grids are generally dispositive, exclusive reliance on the Grids is inappropriate where the guidelines fail to describe the full extent of a claimant's physical limitations.  In such cases, "the Commissioner must 'introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the national economy which

claimant can obtain and perform.' " *Rosa*, 168 F.3d at 78 (quoting *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986)).

## III.    The ALJ's Disability Determination

In this case, ALJ Staller found at step one of the five-step sequential evaluation process that plaintiff had not engaged in substantial gainful employment activity since June 14, 2008, the alleged onset date (Tr. 33).  At step two, the ALJ found that plaintiff suffers from the following severe impairments: rheumatoid arthritis, left ulnar nerve entrapment, left shoulder impingement following shoulder surgery, degenerative disc disease of the cervical spine with cervical radiculopathy, and asthma.  *Id.*

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the severity of a listed impairment (Tr. 33-34).  The ALJ then determined that plaintiff had the RFC to perform sedentary work with specific restrictions on the use of his left upper extremity, and must be able to alternate between sitting and standing and avoid exposure to dangerous moving machinery and unprotected heights.  In making this assessment, the ALJ found that the objective medical evidence in the record did not support the alleged severity of plaintiff's symptoms (Tr. 39).  Specifically, the ALJ found that the most recent medical evidence, from August and November 2010, indicated that while plaintiff reported some pain and occasional swelling in his left hand, he showed good grip strength and muscle function in the left hand and good biceps, triceps, and deltoid strength bilaterally (Tr. 37).  With regard to the evidence provided by plaintiff's treating sources, the ALJ discussed plaintiff's multiple surgeries to address both the shoulder pain and ulnar nerve entrapment. He accorded no specific deference to the opinion of treating physician Dr.

Walter Grand regarding plaintiff's disability for specific periods of time.  The ALJ accorded medium weight to the opinions of consultative examiner ("CE") Dr. Nikita Dave and reviewing physician Dr V. Yu.

At step four, the ALJ determined that plaintiff was unable to perform his past relevant work as a pallet sorter and a telephone service representative (Tr. 39).  Finally, considering the plaintiff's age, education, and RFC, and in reliance on the testimony of a Vocational Expert ("VE"), the ALJ determined that plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Specifically, the ALJ found that the plaintiff could do sedentary work as a telephone quotation clerk, call out operator, and surveillance systems monitor (Tr. 40).

## IV.     RFC Assessment

Plaintiff's primary contention in support of his motion is that the ALJ's RFC assessment is the product of legal error, including the failure to develop the administrative record.  Specifically, plaintiff argues that the ALJ did not base the RFC on any medical opinion.  As stated above, the ALJ gave medium weight to the opinions of CE Dr. Dave and state review physician Dr. Yu.  Dr. Dave examined the plaintiff on November 6, 2009, less than one month following plaintiff's first arthroscopic shoulder surgery, and prior to his second shoulder surgery in March 2010 and his ulnar decompression surgery in June 2010.  Dr. Dave found plaintiff to have moderate limitations for pushing, pulling, lifting, and carrying anything greater than lightly weighted objects, moderate limitations for gross motor manipulations with his left arm, mild limitations for repetitive fine motor manipulations with the left hand, moderate limitations for bending and twisting through the cervical spine, and

moderate limitations for maintaining a position of the head and neck for prolonged periods (Tr. 494).    Dr. Yu did not provide a report, but reviewed plaintiff's medical records in response to a "Request for Medical Advice" by the state review agency. His opinion, that plaintiff could lift up to 10 pounds and ambulate for 2 hours during an 8-hour work day (Tr. 501), is reflected in the RFC assessment of A. Bays, a "single decision maker" under the regulations (Tr. 503-09).[2]   None of plaintiff's treating physicians gave a specific assessment of plaintiff's RFC, although Dr. Grande opined in February 2009 that plaintiff was totally disabled until his next visit in March 2009 (Tr. 382).

While the ALJ has an affirmative obligation to develop the administrative record, his duty to do so is not without limit. *See Guile v. Barnhart*, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010). Indeed, if all of the evidence received is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary, and the ALJ may make his determination based upon that evidence.  *See* 20 C.F.R. § 404.1520b(a).  Consistent with that notion, where there are no "obvious gaps" in the record, the ALJ is not required to seek additional information.  *Rosa v. Callahan*, 168 F.3d at 79 n. 5.  "Notably, the lack of a medical source statement from a treating physician, will not, by itself, necessarily render the record incomplete."  *Bell v. Colvin*, 2013 WL 6283834, at *3 (N.D.N.Y. Dec. 4, 2013) (citing 20 C.F.R. § 404.1513(b)(6);  *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir.  Jan 28, 2013)).

The ALJ's determination, that plaintiff retained the RFC for sedentary work, is supported by the opinion of CE Dr. Dave, the objective medical evidence, and the

---

[2]  The RFC assessment form completed by a single decision maker is entitled to no weight as medical opinion evidence. *See Burton v. Colvin,* 2014 WL 2452952, *8 (W.D.N.Y. June 2, 2014),

treatment notes, following plaintiff's surgeries, which indicated that plaintiff's condition was slowly improving, his strength was good, and his pain was centered primarily in his left elbow (Tr. 642).  Thus, the court is satisfied that further development of the record was unnecessary because the ALJ had before him substantial evidence that enabled him to render a decision.  *See Stevens v. Colvin,* 2014 WL 1123475, * 7 (N.D.N.Y. Mar. 21, 2014); *Bell*, 2013 WL 6283834, at *3.  Moreover, the testimony of the vocational expert accurately reflected plaintiff's limitations and was based on substantial evidence in the record.

## V.    Credibility Assessment

Additionally, plaintiff argues that the ALJ erred in his credibility assessment regarding plaintiff's testimony.  The social security regulations have established a two-step process to evaluate a claimant's subjective assertion of pain, symptoms, and other limitations.   20 C.F.R. § 404.1529. First, the ALJ determines whether the alleged impairments "could reasonably be expected to produce the pain or other symptoms alleged" based on the objective medical records. *See id.* § 404 .1529(a). Then, if the medical evidence does establish that such symptoms can be expected from the alleged impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work.  *See id.* § 404.1529(c).  Since a reviewing court does not have an opportunity to observe the claimant's testimony, the ALJ's credibility assessment should only be disturbed if "the trier of fact grounds his credibility finding in an observation or argument that is

11

unreasonable or unsupported." *Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006).   An ALJ rejecting subjective testimony must do so explicitly and with specificity to enable the reviewing court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his decision is supported by substantial evidence.  *Melchior v. Apfel*, 15 F.Supp.2d 215, 219 (N.D.N.Y. 1998) (quoting *Brandon v. Bowen*, 666 F.Supp. 604, 608 (S.D.N.Y. 1987) (citations omitted)).   If the ALJ believes the claimant's complaints are in excess of those supported by objective medical evidence, the ALJ must consider other factors to assess the allegations.  *See* SSR 96–7p, 1996 WL 374186, at *3 (July 2, 1996).   These factors include: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and adverse side-effects of any pain medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication claimant receives or has received to alleviate pain or other symptoms; (6) any measures claimant uses or has used to relieve pain or other symptoms; and (7) other factors concerning claimant's functional limitations and restrictions.  *Id.*

Here, the ALJ found that plaintiff's impairments likely caused him pain or discomfort, but found that "the claimant's subjective complaints are less than fully credible and the objective medical evidence does not support the alleged severity of symptoms" (Tr. 39). This boilerplate language is the extent of the credibility assessment in this case.  The ALJ failed to include any discussion of the regulatory factors or any specific reasons for his rejection of plaintiff's testimony regarding the limiting effects of his impairments.

Accordingly, because the ALJ failed to sufficiently and accurately discuss any specific reasons for rejecting plaintiff's testimony, the case must be remanded.  *See, e.g., Batista v. Colvin*, 2014 WL 2618534, *3 (E.D.N.Y. June 12, 2014) (remand required where ALJ's decision lacked any specific reasons for rejecting plaintiff's testimony); *Norman v. Astrue*, 912 F.Supp.2d 33, 86 (S.D.N.Y. 2012) (remanding where ALJ's decision was conclusory and did not expressly discuss the factors listed in § 404.1529(c)(3)).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Item 8) is granted, and the matter is remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g).

The Commissioner's motion for judgment on the pleadings (Item 16) is denied.

The Clerk of the Court is directed to enter judgment in favor of the plaintiff, and to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   July 18, 2014